**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3657-20

VICTORIA GOETHALS,

    Plaintiff-Respondent,

v.

JEFFREY J. GOETHALS,

    Defendant-Appellant.

_____

Submitted May 18, 2022 – Decided June 29, 2022

Before Judges Gilson and Gummer.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Morris County, Docket No. FM-14-0109-15.

DeTommaso Law Group, LLC, attorneys for appellant (Joseph M. Freda, III, of counsel and on the briefs).

Townsend, Tomaio & Newmark, LLC, attorneys for respondent (Jessica S. Swenson, of counsel and on the brief; Paul H. Townsend, of counsel).

PER CURIAM

In this post-divorce-judgment matter, defendant, the former husband, appeals from a June 11, 2021 order denying his motion to enforce an alleged settlement agreement or, alternatively, to hold a plenary hearing to determine if the parties had settled their disputes. Defendant also appeals from a July 29, 2021 order denying his motion for reconsideration. Defendant contends that the essential terms of a settlement agreement were reached at mediation. Because it is undisputed that plaintiff never signed a written settlement agreement, we reject defendant's contention and affirm both orders.

I.

After fifteen years of marriage, the parties divorced in 2016. Following their divorce, the parties have filed numerous post-judgment motions and several appeals. This appeal concerns financial issues that were discussed at mediation.

The record establishes the following facts. On September 21, 2020, the parties and their counsel met with a mediator to try to resolve issues concerning alimony, child support, and school expenses for their two sons. Following the mediation, the mediator prepared a memorandum setting forth terms of "a tentative agreement as to all the post judgment issues." That memorandum was not signed by the parties or their counsel; instead, it was sent to the parties'

counsel via an email that stated, in part: "Here is a memo of the tentative resolution reached. As we discussed[,] if you have comments or changes let me know – and I can convert it into a Consent order."

Defense counsel converted the terms of the memorandum into a proposed consent order. On October 14, 2020, defense counsel sent the proposed consent order to plaintiff's counsel. In the email forwarding the proposed consent order, defense counsel acknowledged that he had added issues not addressed in the mediator's memorandum or discussed at the mediation. Defense counsel asked plaintiff's counsel to "[t]ake a look [at the proposed consent order] and perhaps we can schedule a follow-up mediation with [the mediator] to put this to bed if needed."

Plaintiff did not agree to or sign the proposed consent order. Instead, over the next three months, counsel for the parties discussed various unresolved issues and possible modifications to the proposed consent order. In December 2020 and January 2021, defense counsel sent plaintiff's counsel several versions of a proposed consent order.

On January 20, 2021, defense counsel sent plaintiff's counsel another "updated Consent Order" that defendant had signed. In his email, defense counsel stated, in part: "Attached is a signed final Consent Order signed by our

A-3657-20

client. Kindly have your client sign so we can forward to Susan and resolve this matter once and for all." It is undisputed that plaintiff did not sign the proposed consent order forwarded on January 20, 2021.

On March 17, 2021, defendant filed a motion to compel plaintiff to comply with the terms of the proposed consent order sent on January 20, 2021. Alternatively, defendant requested a plenary hearing to determine whether the parties had agreed to settle their disputes. Plaintiff opposed that motion. Plaintiff also cross-moved to compel discovery and a hearing on a previously-remanded stock-option issue. See Goethals v. Goethals, No. A-0881-19 (App. Div. Jan. 20, 2021).

On June 11, 2021, the family court issued a written opinion and order denying defendant's motion to enforce the proposed consent order. In a thorough and well-reasoned opinion, the family judge, Judge Frank J. DeAngelis, J.S.C., found that the record established that plaintiff had never signed the mediator's memorandum or any of the proposed consent orders. Instead, the parties, through their counsel, had continued to negotiate various issues, and no final binding settlement agreement had been reached. Relying on the New Jersey Supreme Court's holding in Willingboro Mall, Ltd. v. 240/242 Franklin Avenue, LLC, 215 N.J. 242, 262-63 (2013), Judge DeAngelis ruled that

without a signed settlement agreement following mediation, there was no enforceable settlement agreement. The judge also denied both parties' requests for attorneys' fees. In addition, the judge scheduled a management conference to comply with our remand directives concerning the stock-option issue.

Defendant moved for reconsideration, but Judge DeAngelis denied that motion in an order issued on July 29, 2021. The judge explained the reasons for that denial in a written statement of reasons. Defendant now appeals from the orders entered on June 11, 2021, and July 29, 2021.

II.

On appeal, defendant argues that the family court erred in failing to enforce what he contended was a binding settlement agreement set forth in the proposed consent order his counsel sent on January 20, 2021. Alternatively, he argues that the court should have held a hearing to determine whether the parties had reached an agreement on the essential terms of their disputes.

"Appellate courts accord particular deference to the Family Part because of its 'special jurisdiction and expertise' in family matters." Harte v. Hand, 433 N.J. Super. 457, 461 (App. Div. 2013) (quoting Cesare v. Cesare, 154 N.J. 394, 412 (1998)). "We do 'not disturb the "factual findings and legal conclusions of the trial judge unless . . . convinced that they are so manifestly unsupported by

or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice."'" Gnall v. Gnall, 222 N.J. 414, 428 (2015) (alteration in original) (quoting Cesare, 154 N.J. at 412). Consequently, "'[o]nly when the trial court's conclusions are so "clearly mistaken" or "wide of the mark"' should we interfere." Ibid. (quoting N.J. Div. of Youth & Fam. Servs. v. E.P., 196 N.J. 88, 104 (2008)). Nevertheless, "legal issues are reviewed de novo." Ricci v. Ricci, 448 N.J. Super. 546, 565 (App. Div. 2017) (citing Reese v. Weis, 430 N.J. Super. 552, 568 (App. Div. 2013)).

Defendant contends that the parties agreed to the essential terms of the settlement at mediation. Our Supreme Court has held that terms of an agreement that are reached at mediation, but which are not reduced to a signed written agreement, will not be enforceable. Willingboro Mall, 215 N.J. at 263. In that regard, the Court has explained:

> In summary, if the parties to mediation reach an agreement to resolve their dispute, the terms of that settlement must be reduced to writing and signed by the parties before the mediation comes to a close. In those cases in which the complexity of the settlement terms cannot be drafted by the time the mediation session was expected to have ended, the mediation session should be continued for a brief but reasonable period of time to allow for the signing of the settlement. We also see no reason why an audio- or video-recorded agreement would not meet the test of "an agreement evidenced by a record signed by all parties to the agreement" under

> N.J.S.A. 2A:23C-6(a)(1) and N.J.R.E. 519(c)(a)(1). To be clear, going forward, a settlement that is reached at mediation but not reduced to a signed written agreement will not be enforceable.
>
> [Id. at 262-63 (internal citation omitted).]

There is no dispute that plaintiff did not sign the memorandum prepared by the mediator or any of the proposed consent orders prepared by defendant's counsel. Instead, as Judge DeAngelis found, the parties, through their counsel, never came to a final agreement on all the terms and continued to discuss various issues. That finding by Judge DeAngelis is amply supported by the written record and, in particular, the emails accompanying and responding to the various proposed consent orders.

Defendant argues that this case is distinguishable from the facts in Willingboro Mall because, after the mediation, he complied with the terms of the mediator's memorandum. Therefore, he argues that the parties reached a settlement as to all essential issues at the mediation held on September 21, 2020.

The flaw with that argument is that it is rebutted by the written record. The mediator characterized her memorandum as a "tentative resolution" and acknowledged that there may be "changes." In the emails sent by defendant's counsel, he acknowledged that not all issues were agreed to at the mediation. Accordingly, in the numerous emails exchanged by the parties' counsel over the

next three months, various issues were discussed, and the consent order was revised at least three times. Those written communications established that no final binding and enforceable agreement had been reached. Indeed, the facts of this case highlight why the Supreme Court established a bright-line rule requiring a written and signed settlement agreement following mediation. The Court explained that requiring a written and signed agreement "will greatly minimize the potential for litigation." Id. at 263. In contrast, entertaining argument over an unsigned settlement agreement will only "spawn more litigation" and cause "the mediation [to become] the dispute," as has occurred in this matter. Id. at 245.

The communications between the parties' counsel also demonstrate that there was no need for a plenary hearing. Defendant cannot dispute his counsel's written communication. Those communications consistently establish that defendant was proposing a consent order. The responding communications from plaintiff's counsel establish that no final agreement was reached. Most importantly, it is indisputable that plaintiff never signed any of the proposed consent orders. Given those facts, there was no basis for a plenary hearing. See Llewelyn v. Shewchuk, 440 N.J. Super. 207, 217 (App. Div. 2015) (finding no

basis for a plenary hearing because relevant material submitted to the motion judge did not present a material factual dispute).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3657-20